Robert M. Hirsh, Esq.
David J. Kozlowski, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel for the Official Committee of
Unsecured Creditors for Mohawk Valley
Nursing Home, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MOHAWK VALLEY NURSING HOME, INC.,<br><br>                                        Debtor. | Chapter 11<br><br>Case No 09-30389 (MCR) |
| The Official Committee of Unsecured Creditors<br>of Mohawk Valley Nursing Home, Inc.,<br><br>                                        Plaintiff,<br><br>vs.<br><br>Mohawk Hospital Equipment, Inc.,<br><br>                                        Defendant. | Adv. Pro. No. 10-50019 (MCR) |

### MOTION FOR APPROVAL OF STIPULATION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(a)

TO:   THE HONORABLE MARGARET CANGILOS-RUIZ,
         UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee"), by and through

counsel, Arent Fox LLP, hereby files this motion (the "Motion") for approval of a stipulation

(the "Proposed Settlement") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"). In support thereof, the Committee respectfully represents

NYC/484937.1

as follows:

## PRELIMINARY STATEMENT

1. This Motion seeks entry of an order approving the Proposed Settlement between the Committee and the Defendant, Mohawk Hospital Equipment, Inc. ("MHE"), with respect to the resolution of the Adversary Proceeding No. 10-50019 (the "Adversary Proceeding").

2. The Proposed Settlement is fair, reasonable, and in the best interest of creditors and the estate. Approval of the Proposed Settlement will avoid the cost of further litigation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

4. The Debtor filed for bankruptcy relief under Chapter 11 of Title 11 of the United States Code on February 15, 2008.

5. On March 7, 2008, the Committee was appointed. The Committee was given authority to pursue Chapter 5 causes of action pursuant to Article X, Section 9.1 of the Debtor's Second Amended Plan, confirmed by Order signed on December 18, 2009.

6. Within the 90 days prior to filing, the Debtor made three payments to MHE totaling $47,353.24.

7. On February 15, 2010, the Committee commenced the Adversary Proceeding against MHE by filing and serving its Complaint seeking recovery of certain prepetition payments by the Debtor to MHE.

8.  MHE filed and served an answer to the Complaint on March 15, 2010, including various affirmative defenses.

9.  The Committee and MHE have since engaged in negotiations to resolve the issues presented and avoid costly discovery and further litigation.

**COMPROMISE AND SETTLEMENT AGREEMENT**

10. The Committee seeks approval of the Proposed Settlement and believes it is in the best interest of the Debtor's bankruptcy estate, creditors, and all parties-in-interest.

11. Attached hereto as <u>Exhibit A</u> is a Stipulation by and between the Committee and MHE (the "Stipulation"). This Stipulation reflects the Proposed Settlement and the agreement that the Committee and MHE wish to settle this dispute without further litigation.

12. The Stipulation provides that MHE pay to the Committee the sum of Eight Thousand, One Hundred U.S. Dollars ($8,100.00) (the "Settlement Amount") within five (5) days from execution of the Stipulation. MHE shall also be prohibited from amending any existing claim or filing any new claim to include the Settlement Amount. In consideration, any and all claims and causes of action against MHE will be released. The Committee shall also withdraw, release, and waive the Complaint against MHE, and withdraw the claim objection as to MHE in the bankruptcy case (case no. 09-30389 (MCR), docket no. 545).

**RELIEF REQUESTED**

13. By this Motion, the Committee respectfully requests that this Court approve the Proposed Settlement pursuant to Rule 9019(a) of the Bankruptcy Rules.

**ARGUMENT**

14. In considering whether to approve a settlement agreement pursuant to Rule 9019 of the Bankruptcy Rules, bankruptcy courts must evaluate fairness, equity, and the best interest

of the estate.  *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd* 17 F.3d 600 (2d Cir. 1994).

15. A court must be apprised "of all facts necessary for an intelligent and objective opinion" of whether the claim will be successful, the likely expense, length, and degree of complexity of the litigation, the potential difficulties of collecting on a judgment, "and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry*, 390 U.S. at 424–25.

16. To constitute a fair and equitable compromise or settlement, a court must find that the settlement does not "fall below the lowest level of reasonableness," giving consideration to the interest of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation.  *Cossoff v. Rodman (In re W.T. Grant Co)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 758–59 (Bankr. S.D.N.Y. 1992); *In re Del Grosso*, 106 B.R. 165, 167–68 (Bankr. N.D. 1989) (*citation omitted*).

17. A Court is not required conclusively to determine the merits of a claim subject to compromise or to find that a proposed settlement constitutes the best results obtainable to ensure that the settlement reaches the threshold of reasonableness.  Instead, a Court should "canvass the issues" to determine whether the proposed settlement is fair and equitable, is in the best interests of the estate, and otherwise does not fall outside the range of reasonableness.  *In re Apex Oil Co.*, 92 B.R. 847, 866–67 (Bankr. E.D. Mo. 1988).

**THE PROPOSED SETTLEMENT IS FAIR AND
EQUITABLE AND IN THE BEST INTEREST OF THE ESTATE**

18. In the present case, the Committee believes that the Proposed Settlement should be approved because it will provide a number of benefits to the bankruptcy estate.

19. Specifically, were the Committee to pursue further litigation, there would be little, if any, increase in the settlement sum received by the estate, as well as the possibility of not prevailing in litigation resulting in no recovery. Also, the estate would have the added expense and fees associated with financing the discovery and litigation. Moreover, as this case is nearing completion, continuing this litigation would force the creditors of the estate to continue to wait to receive payment on their legitimate claims.

20. Finally, this settlement is reasonable, especially in light of the defenses proffered by MHE.

21. Thus, the risk, complexity, cost, and delay of continuing to litigate this matter are sufficient to establish the necessary benefits for the Court to approve the Proposed Settlement, which is fair, equitable, and in the best interest of all parties.

**NOTICE**

22. The Committee will serve copies of this Motion and the proposed Order on: (a) the Office of the United States Trustee; and (b) all parties on the Master Service List. The Committee submits that notice of this Motion in this manner is sufficient and proper and that no further notice is necessary.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Court approve the Order approving the Stipulation as provided by Bankruptcy Rule 9019(a), and grant such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York  
      May 13, 2010

Counsel for the Official Committee of Unsecured Creditors for Mohawk Valley Nursing Home, Inc.

By:    */s/ Robert M. Hirsh*
    Robert M. Hirsh, Esq.
    David J. Kozlowski, Esq.
    1675 Broadway
    New York, New York 10019
    Tel: (212) 484-3900
    Fax: (212) 484-3990

# EXHIBIT A

Robert M. Hirsh, Esq.
David J. Kozlowski, Esq.
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Counsel for the Official Committee of
Unsecured Creditors for Mohawk Valley
Nursing Home, Inc.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>MOHAWK VALLEY NURSING HOME, INC.,<br><br>                                             Debtor. | Chapter 11<br><br>Case No 09-30389 (MCR) |
| The Official Committee of Unsecured Creditors<br>of Mohawk Valley Nursing Home, Inc.,<br><br>                         Plaintiff,<br><br>                vs.<br><br>Mohawk Hospital Equipment, Inc.,<br><br>                         Defendant. | Adv. Pro. No. 10-50019 (MCR) |

**SETTLEMENT STIPULATION**

**WHEREAS**, on February 15, 2010, the Official Committee of Unsecured Creditors (the "Committee") commenced the within adversary proceeding against Mohawk Hospital Equipment, Inc.("MHE") by filing and serving its complaint (the "Complaint"); and

**WHEREAS**, MHE filed and served an answer to the Complaint on March 15, 2010, including various affirmative defenses; and

**WHEREAS**, the parties engaged in substantial settlement negotiations; and

WHEREAS, the parties now desire to resolve any and all disputes in lieu of continued litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This adversary proceeding is settled for the sum of Eight Thousand, One Hundred U.S. Dollars ($8,100.00) payable by MHE to the Committee pursuant to this Stipulation.

2. Within five (5) business days after the execution of this Stipulation, MHE shall provide the Committee with one check payable to "Arent Fox LLP" in the total amount of Eight Thousand, One Hundred U.S. Dollars ($8,100.00) to be held by Arent Fox, counsel for the Committee, pending Bankruptcy Court approval of this Stipulation.

3. The Committee shall promptly seek Bankruptcy Court approval of this Stipulation. All monies paid by MHE shall be held in escrow pending the final order of the Bankruptcy Court approving this Stipulation.

4. Upon approval of this Stipulation by the Bankruptcy Court, MHE shall execute and the Committee shall file a Stipulation of Dismissal dismissing the Adversary Proceeding with prejudice as against MHE.

5. Upon payment consistent with this Stipulation, the Committee will withdraw its objection to MHE's proof of claim in the bankruptcy case (case no. 09-30389 (MCR), docket no. 545).

6. Upon payment consistent with this Stipulation, the Committee, the Debtor, and the Debtor's estate shall forever withdraw, release, discharge, waive, and forgive MHE and each of its assigns, administrators, and successors in interest, for and from any and all claims, actions, causes of action, and any other obligation of any kind or nature relating in any to, or arising from, the Bankruptcy Code, whether accrued or to accrue, whether asserted by way of a claim,

counterclaim, cross-claim, third-party action, action for indemnity or contribution, or otherwise; provided, however, that the foregoing shall not constitute a release of any rights to enforce the terms of this Stipulation.

7. Upon payment consistent with this Stipulation, MHE shall forever withdraw, release, discharge, waive, and forgive the Debtor, the Debtor's estate, the Committee, and each of their respective assigns, administrators, and successors in interest, for and from any and all claims, actions, causes of action, counterclaims, and any other obligation of any kind or nature relating to, or arising from, the Bankruptcy Code, including section 502(h), without limitation, whether accrued or to accrue, whether asserted by way of a claim, counterclaim, cross-claim, third-party action, action for indemnity or contribution, or otherwise, provided, however, that the foregoing shall not constitute a release of any rights to enforce the terms of this Stipulation. Notwithstanding the foregoing, MHE shall retain its rights under its previously filed proof of claim, claim number 62, in the amount of $87,535.70.

8. All parties consent to the jurisdiction of this Court in this proceeding and for the purpose of enforcing the terms of this Stipulation.

9. The Court shall retain jurisdiction over the terms and conditions of this Stipulation.

10. This Stipulation cannot be amended, modified, or superseded except upon written consent of the parties.

11. This Stipulation may be signed in counterparts, with each part being deemed a part of the original document.

12. This Stipulation may be signed by facsimile transmission which signatures shall be treated as original signatures.

13. This Stipulation is expressly subject to a final order of the Bankruptcy Court approving the same, without which this Stipulation is null and void and without force or effect.

Dated: New York, New York
May 13, 2010

| | |
|---|---|
| **ARENT FOX LLP** | **HISCOCK & BARCLAY, LLP** |
| Counsel for the Official Committee of Unsecured Creditors for Mohawk Valley Nursing Home, Inc. | Counsel for Defendant Mohawk Hospital Equipment, Inc. |
| By: */s/ Robert M. Hirsh* <br> Robert M. Hirsh, Esq. <br> David J. Kozlowski, Esq. <br> 1675 Broadway <br> New York, New York 10019 <br> Telephone:(212) 484-3900 <br> Facsimile: (212) 484-3990 | By: */s/ J. Eric Charleton* <br> J. Eric Charleton, Esq. <br> One Park Place <br> 300 South Street <br> Syracuse, NY 13202-2078 <br> Telephone: (315) 425-2716 <br> Facsimile: (315) 425-8576 |